UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   No. 2:19 CV 196<br>) |
| CHRISTINE L. PETRO, *et al.*, | )<br>) |
| Defendants. | ) |

**OPINION and ORDER**

This matter is before the court on plaintiff American Family Mutual Insurance Company's ("American Family") motions for default judgment and declaratory judgment. (DE ## 19, 20.) Plaintiff's motions will be granted.

The court may enter default judgment against a party against whom affirmative relief is sought when it fails to plead or otherwise defend. FED. R. CIV. P. 55(b)(2). The decision to enter a default judgment lies within the discretion of the district court. *O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1398 (7th Cir. 1993). If the court determines that the defendant is in default, all well-pleaded allegations in the complaint, except those relating to the amount of damages, will be taken as true. *Black v. Lane,* 22 F.3d 1395, 1399 (7th Cir. 1994).

On July 6, 2017, defendants Christine Petro and Robert Petro filed a state law tort action against defendant Bradley Gaff in the Porter County Superior Court. (DE # 1-1.) In this underlying suit, the Petros alleged that Gaff committed a number of torts against the Petros when he spied on, and photographed, Christine through her bathroom

window. At the time of these events, Gaff had a homeowner's insurance policy through plaintiff.

On May 23, 2019, plaintiff filed the present action for declaratory judgment. (DE # 1.) Plaintiff seeks a declaration that it has no duty to defend or indemnify Gaff in the state court action, and has no duty to pay any judgment in favor of the Petros that may be entered against Gaff in that action. Summonses returned executed by plaintiff indicate that the Petros were served on May 28, 2019 (DE ## 7, 8), and Gaff was served on November 4, 2019. (DE # 12.) Therefore, the Petros had until June 18, 2019, to file a responsive pleading, and Gaff had until November 25, 2019, to file a responsive pleading. *See* FED. R. CIV. P. 12(a)(1)(A)(I) (requiring defendant to serve answer within 21 days after being served with summons and complaint). To date, defendants have not filed any responsive pleading or appeared in this case. At plaintiff's request, the Clerk of Court entered default against defendants on January 7, 2020. (DE ## 17, 18.) Plaintiff now seeks entry of default judgment against each of these defendants. (DE ## 19, 20.) Defendants have not responded.

The court finds that plaintiff is entitled to judgment by default against all defendants in this case. Accordingly, plaintiff's motion for default judgment and declaratory judgment will be granted.

For the foregoing reasons, the court:

1. **GRANTS** plaintiff American Family's motion for default judgment (DE # 19) and motion for declaratory judgment (DE # 20);

2. **FINDS** that plaintiff American Family has no duty to defend or indemnify Bradley Gaff, against any claims asserted against Bradley Gaff in the action entitled *Petro v. Gaff*, pending in the Porter County Superior Court under Cause No. 64D02-1707-CT-006456 ("the Underlying Action"), under either Policy No. 13-BQ2288-01 issued by American Family to Bradley Gaff effective February 4, 2016 to December 1, 2016 ("the Homeowners Policy"), or Policy No. 13-U23198-01 issued by American Family to Bradley Gaff effective February 4, 2016 to March 27, 2017 ("the Umbrella Policy");

3. **FINDS** that there is no coverage afforded under the Homeowners Policy for the claims asserted against Bradley Gaff by Christine L. Petro and Robert Petro in the Underlying Action;

4. **FINDS** that there is no coverage afforded under the Umbrella Policy for the claims asserted against Bradley Gaff by Christine L. Petro and Robert Petro in the Underlying Action; and

5. **FINDS** that American Family has no duty to pay any judgment that may be entered against Bradley Gaff in the Underlying Action under either the Homeowners Policy or the Umbrella Policy.

**SO ORDERED.**

Date: April 16, 2020

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT